### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY N. ORTIZ,** | : | |
| | : | **Civil No. 3:19-cv-1894** |
| **Plaintiff** | : | |
| | : | **(Judge Mariani)** |
| **v.** | : | |
| | : | |
| **UNIT MANAGER ALEXANDER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

## I.   BACKGROUND

On October 31, 2019, Harry N. Ortiz ("Plaintiff"), an inmate currently confined in the

Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed the

above-captioned action pursuant to 42 U.S.C. § 1983. The named Defendants are the SCI-

Rockview Maintenance Department, and the following SCI-Rockview employees: Unit

Manager Alexander, Sergeant Bloom, and Correctional Officers Bainey and Mosser.  (Doc.

1.)  Plaintiff complains of Defendants' alleged deliberate indifference to his safety, and

resulting medical treatment, when he was burned on an exposed steam heat pipe.  (Id.)  For

relief, Plaintiff seeks compensatory and punitive damages.  (Id.)

On March 17, 2020, Defendants filed a motion to dismiss Plaintiff's complaint (Doc.

13) and on March 18, 2020, filed a brief in support of their motion.  (Doc. 14).  By Order

dated June 8, 2020, this Court granted Plaintiff until June 22, 2020, to file a brief in

opposition to Defendants' pending motion. (Doc. 16.) Plaintiff was granted two additional

enlargements of time (Docs. 19, 21) within which to file a brief in opposition to Defendants'

pending motion to dismiss. On August 17, 2020, Plaintiff filed a brief in opposition to

Defendants' motion to dismiss. (Doc. 22). For the reasons set forth below, Defendants'

motion will be granted, with Plaintiff being provided an opportunity to file an amended

complaint with respect to his Eighth Amendment deliberate indifference to health and safety

claim.

## II.   __MOTION TO DISMISS__

Defendants move for the dismissal of Plaintiff's complaint pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure for failure to state a claim. (Doc. 19 at 9.) Federal

notice and pleading rules require the complaint to provide the defendant notice of the claim

and the grounds upon which it rests. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232

(3d Cir. 2008). The plaintiff must present facts that, accepted as true, demonstrate a

plausible right to relief. *See* Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure

8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is

entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil

Procedure 12(b)(6) for its "failure to state a claim upon which relief can be

granted." *See* Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all

factual allegations in the complaint and all reasonable inferences that can be drawn from

- 2 -

them, viewed in the light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  *See Iqbal,* 556 U.S. at 678; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d

Cir.2007).  The court may consider "undisputedly authentic document[s] that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

[attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose

contents are alleged in the complaint and whose authenticity no party questions, but which

are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate*

*Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002) (citation omitted); *see also U.S. Express*

*Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir.2002) ("Although a district court may not

consider matters extraneous to the pleadings, a document integral to or explicitly relied

upon in the complaint may be considered without converting the motion to dismiss into one

for summary judgment." (internal quotation omitted)). However, the court may not rely on

other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien &*

*Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

       When presented with a *pro se* complaint, the court should construe the complaint

liberally and draw fair inferences from what is not alleged as well as from what is alleged.

*Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2003); *Youse v. Carlucci*, 867 F.Supp. 317,

318 (E.D.Pa.1994). Such a complaint "must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976)).

       Finally, in the Third Circuit, a court must grant leave to amend before dismissing a

civil rights complaint that is merely deficient. *See, e.g., Fletcher–Harlee Corp. v. Pote*

- 4 -

*Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir.2007); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir.2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir.2004).

## III.   ALLEGATIONS IN THE COMPLAINT[1]

On February 2, 2018, Plaintiff alleges that he "suffered severe burns on his left arm and back, that was caused by the actions of a 'shakedown team' inclusive of Mr. Mosser." (Doc. 1). He claims that "the actions of Mr. Mosser were such that he removed the heat shield from a steam pipe utilized for heating contained within the cell" and that "such heat pipe removal was documented within a work order submitted on November 4, 2017 by staff." (*Id.*) Plaintiff concludes that "this action, while documented within a work order was deemed closed on January 2, 2018, yet this issue was never corrected." (*Id.*).

---

[1]   Plaintiff's allegations are derived from the complaint and the actual grievances and responses thereto. Because the Plaintiff's complaint relies heavily on his grievances and the grievance responses, Defendants have attached Plaintiff's grievance records to their motion to dismiss. (Doc. 14-1). Plaintiff does not dispute their consideration. Thus, we will treat the instant motion as a motion to dismiss, considering only the complaint, documents attached thereto, and "undisputedly authentic document[s]" that the defendants attach to their motion if the plaintiff's claims are based on those documents. *Pension Benefit*, 998 F.2d 1192 at 1196–97. The rationale behind the exception is that, when a complaint refers to or relies on the document, "the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Id.* "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Id.* Because Plaintiff's complaint cites to his grievances and the responses, we find that there is no fear of lack of notice to Plaintiff and will consider them without converting the motion to one for summary judgment. *Id.* To do otherwise would be to allow Plaintiff to artfully preclude them from our attention.

On February 2, 2018, Plaintiff filed Grievance #720101 complaining of the following:

During an investigated shakedown, over 3 months ago, C/O spit tobacco all over my toilet, broke my partials in 4 pieces, charge me for items that were never there, and finally C/O Mosser continue to pull and kick the safety guard from the heating pipes until he finally removed it from the original setting and carried it away. For over 3 months I've been writing security for a letter or confirmation for the dentist in which he asked in order to replace my partials. I also let Block SRG. Lt. Unit Manager send request to security to locate the safety heating guard. I also have spoken to Maintenance Supervisor Mr. Warrant to check if they have a work order to fix this issue in Cell 106. Nothing has been done and have no answers. Spoke to Lt. Vance, he claimed maintenance have a work order but nothing. Today I was sent to medical 2-2-2018, approximately 7:15 pm for serious burns on my left arm and back. Pic were taken in medical. Now I'm being treated for a serious burn on both my arm and my back, left side.

I'm looking to be recompense for negligence according to the Department of Corrections, unprofessionalism according to staff, lack of ethics according to staff, prejudicism (sic) according to staff creating and neglecting by continuing to live under a very serious safety hazardous environment and continuing to disregard my plead and request.

I'm asking for the replacement of my partials, pain and suffering and being scared for life under negligence. An amount of $100,000, one hundred thousand dollars. According to the PA Commonwealth district court of small claims.

P/S. BE AWARE. This grievance is to explain every detail that obviously let to my burns to understand the process I've taken that let up to this on 02-02-2018.

(Doc. 14-1 at 1-2, Official Inmate Grievance No. 720101).

Plaintiff states that he "understands that 'negligence' is not a valid federal legal challenge, and therefore, raises within the instant action a claim of 'deliberate indifference'

- 6 -

toward his medical need, and non-medical 'deliberate indifference' for the actions of the Maintenance Department." (Doc. 1 at 5).

On April 3, 2018, Plaintiff claims to have received Ms. Alexander's March 5, 2018 response to Grievance #720101, (Doc. 1 at 5), in which Ms. Alexander denied Plaintiff's grievance as follows:

> In your grievance, you state that over three months ago, your cell was searched by the search team, and they spit tobacco all over your toilet, broke your partials and charged you for items that were never there. You also state that the search team pulled the safety guard from the heating pipes. You state that on 2/2/2018 you were sent to medical for burns sustained to your left arm and back. You assert that the above issues constitute neglect by the Department of Corrections.
>
> Issues related to the tobacco spit on the toilet, your partials, and charges will not be addressed in this grievance, due to untimeliness.
>
> A work order was submitted on 11/4/2017 stating that the heat shield in Cell B-A-1-26 was removed by shakedown. This work order is listed as repaired on 1/2/2018. Accordingly, you had been in that cell since that time with no incidents, nor did you address this with the Unit Staff.
>
> Medical was contacted to verity the severity of the burns you claim to have received from the heating pipe in cell B-A-1026. Documentation stated that your burns were first degree burns, not the "serious burns" that you describe in your grievance. Medical followed protocol by providing  you with topical Silvadene and changing your dressings as prescribed.
>
> I deny your grievance based upon the above information. Further, your assertion that the Department of Corrections was negligent is not validated by the information that you provided in your grievance. Information garnered during the investigation supports that the Department of Corrections made attempts to rectify the issue and proper care was provided.

- 7 -

As relief, you request the replacement of your partials, and $100,000 for pain, suffering and negligence. Your relief is denied; you claim that your partials were broken several months ago, so this is considered untimely. There is no evidence of neglect, so your request for $100,000 is also denied.

(Doc. 14-1 at 3, Initial Review Response).

On April 4, 2018, Plaintiff filed an appeal to the Facility Manager raising the following:

I'm appealing Grievance #720101 under pain and suffering and negligence, my brief can be no less than undeniable and not open for doubt, indisputably valid.

I find the decision given by grievance examiner, upsetting and bias and interferes with impartial judgment/prejudice, conflict of interest. Please be advise originally grievance is using this person as part of complaint and this person is currently assign as unit manager or in time of accident on or for block B-A-126. In this case I find enough of an inclination for preference to response of grievance and decision on grievance #720101. Decision is denied based upon information and severity of burns. This decision has disqualify the claim that investigation by supporting that D.O.C. made attempts to rectify the issue by denying and minimizing negligence by claiming brief did not validate information given according to grievance #720101. Further, this decision has contradict and minimized information garnered during the investigation in contrary the investigation confirms my complaint and the incident is not open for doubt, indisputably valid. I also have provided in grievance #720101 a brief and actions taken and names of staff I've contacted before incident. This information was brought up and addressed but never taken serious for a while being uncommitted D.O.C. has failed to comply with being responsible involved in cause of action. According to initial review work order, it was submitted on 11-04-2017 and listed as repaired on 01-02-2018, totally contradict of facts being replaced after the incident after 02-02-2018 and would be found on video w/out error.

The Department of Corrections should take consideration on one living environment to not be a safety hazard under federal code. Having heating pipes exposed is a safety hazard.

This information was also confirmed by grievance officer under initial review and response. According to the actual decision admitting Quote: Medical was

- 8 -

> contacted to verify the severity of the burns and documentation stated that your
> burns were first degree burns not the "serious burns" that you describe in your
> grievance. End of Quote. I find this statement disturbing and offensive, a
> taunting or contemptuously ironic remark, "sarcastic" and unprofessional, for
> this: I'm asking a relief and requesting the replacement of my partials which
> was never grieved and denied in the pass. Never, untimely and the amount of
> $500,000 for pain & suffering and negligence according to the D.O.C. and
> deception according to review and response.

(Doc. 14-1 at 4-5, appeal).

By Response dated April 17, 2018, the Facility Manager denied Plaintiff's appeal as

follows:

> I have reviewed the initial grievance, the grievance officer response, and the
> subsequent appeal of your issues relating to conditions.
>
> UM Alexander provides a thorough review of your response with regard to your
> complaint. While you feel her statements are disturbing, offense and taunting
> is simply your opinion. Her review of this matter and the response provided to
> you is based on information garnered from medical staff. The issue with the cell
> was identified and corrected.
>
> Your appeal has no merit and is denied.

(Doc. 14-1 at 6, Facility Manager's Appeal Response).

Plaintiff's appeal to Final Appeal was denied on May 4, 2018, based on the following:

> You claim that over three months ago, there was a shakedown and a CO spit
> tobacco all over your toilet seat, broke your partials into four pieces, charged
> you for items that were never there, and removed the hearing guard from the
> hearing pipes and carried it away. You claim that on February 2, 2018, you
> were sent to medical for serious burns on your left arm and back. You request
> compensation, the replacement of your partials, and $100,000.00.
>
> A review of the record found that concerns from "over three months ago" are
> untimely and will not be addressed.  The record shows that the heating guard

was replaced on January 2, 2018. It is unclear how you burned yourself on February 2, 2018, when the heating guard was off since early November. It appears that you were burned by your actions and not those of staff. You have been seen and treated by medical staff. Your grievance and requested relief are denied.

(Doc. 14-1 at 7, Final Appeal Decision).

On October 21, 2019, Plaintiff filed the instant action in which he claims Defendants, "acting within the capacity of prison officials," have been deliberately indifferent to his safety, as well as to his medical needs. (Doc. 1 at 7-8). Specifically, Plaintiff states that the Defendants "knew, should have known or were in the position to know of the requirement of inmate safety, outlined within the D.O.C. policies procedures and standards" and were "deliberately indifferent to [Plaintiff's] serious need of a safe cell." (*Id.*) Plaintiff further claims that Defendants were "deliberately indifferent to [his] serious medical need of severe burns caused at the hand of the Maintenance Department's failure to replace heat shields within the cell;" concluding that "while it is true that Mr. Ortiz was sent to medical for care, the proper care was not issued for said burns." (*Id.*) Plaintiff believes that he was "forced" to "undergo the least expensive option, in lieu of proper treatment." (*Id.*)

## IV. DISCUSSION

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

- 10 -

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through

which "to vindicate violations of federal law committed by state actors." *See Pappas v. City

of Lebanon,* 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536

U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must

allege that: (1) the conduct complained of was committed by persons acting under color of

state law; and (2) the conduct violated a right, privilege, or immunity secured by the

Constitution or laws of the United States.  *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d

185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

In their motion to dismiss, Defendants argue that the Court should dismiss Plaintiff's

complaint because  (1) the Eleventh Amendment precludes claims for monetary damages

against Defendants in their "official capacity;" (2) Plaintiff fails to allege personal

involvement of Defendants Alexander, Bloom and Bainey; and (3) Plaintiff has failed to

sufficiently plead a deliberate indifference claim to either safety or medical care.  (Doc. 14 at

8-14.)  The court will address each argument in turn.

## A. Eleventh Amendment Immunity

It is well settled that suits for damages by individuals against, inter alia, state officers acting in their official capacities are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); *Chittister v. Dep't of Community and Economic Development*, 226 F.3d 223 (3d Cir. 2000) (holding that individuals are barred from seeking monetary damages from state governments or state agencies).  *See also Bey v. Pennsylvania Department of Corrections*, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).

*Id.*; *see also Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002).

Thus, Plaintiff's claims for monetary damages against the individual Defendants in their official capacities will be dismissed.

## B. Personal Involvement

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of respondeat superior.  *See, e.g., Rizzo v. Goode*,

423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976). It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a §1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs .... [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Fisher v. Matthews*, 792 F.Supp.2d 745 (M.D.Pa.2011) (citing *Rode, supra*).

Initially, we find that Plaintiff's Eighth Amendment claims against Defendants Bloom and Bainey, should be dismissed because these Defendants are not alleged to have sufficient personal involvement in any alleged wrongdoing. Aside from being named in the caption of the complaint, there are no allegations against them in either the complaint, or in Plaintiff's grievance. Because each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based, and it is apparent that the complaint contains no averments concerning Defendants Bloom or Bainey, they are entitled dismissal.

- 13 -

This same analysis applies to Unit Manager Alexander. Outside of her handling of Plaintiff's grievances, Alexander's involvement fails to meet the required level of sufficient personal interaction with the Plaintiff. *Rode* at 1207. *See also, Mitchell v. Dodrill*, 696 F.Supp.2d 454, 469 (M.D. Pa. 2010) (holding that officials' handling of prison grievance procedures does not equate to personal liability in a civil rights claim).  Based upon an application of the above standards, Plaintiff has failed to satisfy the personal involvement requirement standard of *Rode* with respect to Defendants Bloom, Bainey and Alexander, and they shall be dismissed.

### C. Eighth Amendment Health and Safety Claim

Plaintiff claims that Defendant, SCI-Rockview Maintenance Department, was deliberately indifferent to his health and safety by forcing him to be exposed to a hazardous condition in his cell, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show: (i) "he has suffered an objectively, sufficiently serious injury," and (ii) "that prison officials inflicted the injury with deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The first prong of the *Farmer* test is an objective one.  Here, Plaintiff has alleged that he suffered burns on left arm and back that required medical treatment.  Based on these allegations, the Court finds that Plaintiff has sufficiently set forth a claim that he

- 14 -

has "suffered an objectively, sufficiently serious injury" to satisfy the first prong of the *Farmer* test.

The second prong of the *Farmer* test is a subjective one, requiring Plaintiff to demonstrate that Defendants acted with deliberate indifference. To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. *Farmer*, 511 U.S. at 837. Here, Plaintiff alleges that while a work order was submitted on November 2, 2017 and deemed closed on January 2, 2018, "this issue was never corrected." (Doc. 1 at 5). Moreover, in his grievance, Plaintiff states that "I also have spoken to Maintenance Supervisor Mr. Warrant to check if they have a work order to fix this issue in Cell 106. Nothing has been done and have no answers. Spoke to Lt. Vance, he claimed maintenance have a work order but nothing." (Doc. 14-1 at 1). On their face, the foregoing allegations, accepted as true for purposes of Defendants' motion, are minimally sufficient to demonstrate that the SCI-Rockview Maintenance Department was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, that they drew that inference, and that they knowingly disregarded the risk to Plaintiff's detriment.

However, in order for Ortiz to state a claim under § 1983, he must allege a deprivation of a federally protected right and that this deprivation was committed by a

- 15 -

person acting under color of state law. *See Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). Plaintiff's complaint fails to make this requisite showing against the SCI-Rockview Maintenance Department, because this Defendant does not qualify as a person under § 1983. Therefore, it cannot be held liable under the statute. It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Consequently, Plaintiff's claim against the SCI-Rockview Maintenance Department is barred, as it is not a person within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Moreover, as discussed above, this Defendant is entitled to Eleventh Amendment immunity. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that the Pennsylvania Department of Corrections and its agencies "shares in the Commonwealth's Eleventh Amendment immunity").

Thus, because Plaintiff's fails to state a claim upon which relief can be granted against SCI-Rockview Maintenance Department, he will be afforded an opportunity to file an amended complaint to properly name a specific Defendant or Defendants and sufficiently state a claim for relief against those Defendants.

### D. Eighth Amendment Medical

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." *Monmouth Cty. Corn Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id*. (citation omitted). A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); *see also McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976), *cert. denied*, 450 U.S. 1041 (1981).

Initially, the Court notes that Plaintiff fails to establish a viable Eighth Amendment medical claim against any of the named Defendants.

For purposes of Eighth Amendment medical claims, non-medical staff may not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The rationale for this rule has been aptly explained by the United States Court of Appeals for the Third Circuit as follows:

> If a prisoner is under the care of medical experts ..., a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability. Accordingly, we conclude that, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

*Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Courts have repeatedly held that, absent some reason to believe that prison medical staff are mistreating prisoners, non-medical corrections staff who refer inmate medical complaints to physicians may not be held personally liable for medically-based Eighth Amendment claims. *See, e.g.*, *id*. at 236-37 (citing *Durmer*, 991 F.2d at 69); *Garvey v. Martinez*, No. 08-2217, 2010 WL 569852, at *6-7

- 18 -

(M.D. Pa. 2010); *Hodge v. United States*, No. 06-1622, 2007 WL 2571938, at *5-6 (M.D. Pa. 2007).

None of the named Defendants are trained members of the medical staff subject to liability for an Eighth Amendment claim. Plaintiff has not presented any evidence that these Defendants provided him with medical care, or that any of these Defendants were aware that prison doctors or their assistants were not providing an appropriate level of care in response to his medical needs. Nor has Plaintiff presented any evidence that these Defendants were aware of or acquiesced in purported Eighth Amendment medical care violations. Because Plaintiff was under the care of medical experts, the non-medical Defendants were justified in believing that he was in capable hands. *See Spruill*, 372 F.3d at 236; Durmer, 991 F.2d at 69. Thus, Defendants are entitled to dismissal.

Here, although Plaintiff acknowledges that he was sent to medical for care, he challenges the degree of care, claiming that he was "forc[ed] Mr. Ortiz to undergo the least expensive option, in lieu of proper treatment." (Doc. 1 at 7). Significantly, Plaintiff does not allege that he was refused or delayed needed medical treatment or that he was denied prescribed medication, nor does he allege that he was given the wrong medication with the intent to harm him. He simply claims that he was given "the least expensive option." While Plaintiff would have preferred another type of treatment, his difference of opinion with the prison's medical staff regarding the treatment which he received does not support a claim of cruel and unusual punishment. *Farmer*, 685 F. Supp at 1339; *McCracken*, 562 F.2d at 24.

- 19 -

Moreover, Plaintiff's complaint is devoid of any allegation that Plaintiff was denied a reasonable request for medical treatment. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)). Thus, Plaintiff has failed to establish an Eighth Amendment violation based on the medical care received.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted. Plaintiff, however, will be afforded an opportunity to file an amended complaint to properly name a specific Defendant or Defendants with respect to his Eighth Amendment deliberate indifference to health and safety claim. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court.

A separate Order will issue.

Date:  March 22, 2021

Robert D. Mariani
United States District Judge