UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY N. ORTIZ, | : | |
| Plaintiff | : | Civil No. 3:19-cv-1894 |
| | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| UNIT MANAGER ALEXANDER, *et al.*, | : | |
| | : | |
| Defendants | : | |

MEMORANDUM

FILED
SCRANTON
JUL 19 2023
PER _____
DEPUTY CLERK

## I. Background

Harry N. Ortiz ("Plaintiff"), a former inmate[1] confined in the Rockview State Correctional Institution, Bellefonte, Pennsylvania ("SCI-Rockview"), filed the above-captioned action pursuant to 42 U.S.C. § 1983. The named Defendants are the SCI-Rockview Maintenance Department, and the following SCI-Rockview employees: Unit Manger Alexander, Sergeant Bloom, and Correctional Officers Bainey and Mosser. (Doc. 1.) Plaintiff complains of Defendants' alleged deliberate indifference to his safety, and resulting medical treatment, when he was burned on an exposed steam heat pipe. (*Id.*) For relief, Plaintiff seeks compensatory and punitive damages. (*Id.*)

---

[1]   Ortiz was released from custody and currently resides at 1211 W. Fourth Street, Williamsport, Pennsylvania. (Doc. 64).

By Memorandum and Order dated March 22, 2021, the Court granted Defendants' motion to dismiss Plaintiff's claims for monetary damages against the individual Defendants in their official capacities, Plaintiff's Eighth Amendment claims against Defendant SCI-Rockview Maintenance Department, as this Defendant did not qualify as a person under §1983, Plaintiff's Eighth Amendment claims against remaining Defendants for Plaintiff's failure to satisfy the personal involvement requirement, and Plaintiff's Eighth Amendment medical claim for Plaintiff's failure to establish an Eighth Amendment violation based on the medical care he received. (Docs. 25, 26.) The Court granted Plaintiff an opportunity to file an amended complaint, limited to properly naming a specific Defendant or Defendants with respect to his Eighth Amendment deliberate indifference to health and safety claim. (*Id.*)

On April 8, 2021, Plaintiff filed an amended complaint against all the same Defendants named in his original complaint and raising the same claims as contained in his original complaint. (Doc. 27.) As to Plaintiff's only remaining claim before this Court, Plaintiff alleges that Defendants have been deliberately indifferent to his health and safety by forcing him to be exposed to a hazardous condition in his cell, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 27). Specifically, Plaintiff states that the Defendants "knew, should have known or were in the position to know of the requirement of inmate safety, outlined within the D.O.C. policies procedures and standards" and were "deliberately indifferent to [Plaintiff's] serious need of a safe cell." (*Id.*)

- 2 -

By Order dated June 17, 2021, the Court approved the parties' Stipulation of Dismissal and dismissed Defendant Bloom from the above captioned action. (Doc. 32.)

Presently before the Court are the parties' cross motions for summary judgment. (Docs. 53, 60.) The motions are fully briefed and, for the reasons set forth below, the Court will grant summary judgment in favor of Defendants and against the Plaintiff, with respect to Plaintiff's remaining Eighth Amendment deliberate indifference to health and safety claim.

## II. Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248(1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials

in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the nonmoving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), cert. denied 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

Courts are permitted to resolve cross-motions for summary judgment concurrently. See *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008); see also *Johnson v. Fed. Express Corp.*, 996 F.Supp.2d 302, 312 (M.D. Pa. 2014); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2720 (3d ed. 2015). When doing so, the court is bound to view the evidence in the light most favorable to the non-moving party with respect to each motion. Fed. R. Civ. P. 56; *Lawrence*, 527 F.3d at 310 (quoting *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968)).

### III.  Statement of Undisputed Facts

On February 2, 2018, Plaintiff suffered severe a burn to his left mid back area and his left arm. (Doc. 69-3 at 4.) Plaintiff reported to medical that the "steam pipe guard was removed by a shake down and never replaced" and that "the pipes are right next to the desk and the chair is unsteady and [he] lost [his] balance and fell on the exposed steam pipes and got burned." (*Id.* at 3.) Plaintiff was assessed and treated by the medical department. (Doc. 14-1 at 8.) Plaintiff's injury report noted that Plaintiff's "skin assessed, burn noted to left mid back with blisters, burns to left arm red, no open areas or blisters" and that the "areas cleaned, Silvadene." (*Id.*) Medical "applied gently covered back burn with non-adhesive dressing" and told Plaintiff "to come to medical to have dressing changed and to be assessed tomorrow, 2/3/18." (*Id.*) Finally, it was noted that medical "educated [Plaintiff] on burns and signs and symptoms of infection." (*Id.*)

On February 2, 2018, Plaintiff filed Grievance #720101 complaining of the following:

> During an investigated shakedown, over 3 months ago, C/O spit tobacco all over my toilet, broke my partials in 4 pieces, charge me for items that were never there, and finally C/O Mosser continue to pull and kick the safety guard from the heating pipes until he finally removed it from the original setting and carried it away. For over 3 months I've been writing security for a letter or confirmation for the dentist in which he asked in order to replace my partials. I also let Block SRG. Lt. Unit Manager send request to security to locate the safety heating guard. I also have spoken to Maintenance Supervisor Mr. Warrant to check if they have a work order to fix this issue in Cell 106. Nothing has been done and have no answers. Spoke to Lt. Vance, he claimed maintenance have a work order but nothing. Today I was sent to medical 2-2-2018, approximately 7:15 pm for serious burns on my left arm and back. Pic were taken in medical. Now I'm being treated for a serious burn on both my arm and my back, left side.
>
> I'm looking to be recompense for negligence according to the Department of Corrections, unprofessionalism according to staff, lack of ethics according to staff, prejudicism (sic) according to staff creating and neglecting by continuing to live under a very serious safety hazardous environment and continuing to disregard my plead and request.
>
> I'm asking for the replacement of my partials, pain and suffering and being scared for life under negligence. An amount of $100,000, one hundred thousand dollars. According to the PA Commonwealth district court of small claims.
>
> P/S. BE AWARE. This grievance is to explain every detail that obviously let to my burns to understand the process I've taken that let up to this on 02-02-2018.

(Doc. 14-1 at 1-2, Official Inmate Grievance No. 720101.)

On March 5, 2018 Unit Manager Alexander denied Plaintiff's Grievance #720101 as follows:

> In your grievance, you state that over three months ago, your cell was searched by the search team, and they spit tobacco all over your toilet, broke your partials and charged you for items that were never there. You also state that the search team pulled the safety guard from the heating pipes. You state that on 2/2/2018

- 6 -

> you were sent to medical for burns sustained to your left arm and back. You assert that the above issues constitute neglect by the Department of Corrections.
>
> Issues related to the tobacco spit on the toilet, your partials, and charges will not be addressed in this grievance, due to untimeliness.
>
> A work order was submitted on 11/4/2017 stating that the heat shield in Cell B-A-1-26 was removed by shakedown. This work order is listed as repaired on 1/2/2018. Accordingly, you had been in that cell since that time with no incidents, nor did you address this with the Unit Staff.
>
> Medical was contacted to verity the severity of the burns you claim to have received from the heating pipe in cell B-A-1026. Documentation stated that your burns were first degree burns, not the "serious burns" that you describe in your grievance. Medical followed protocol by providing you with topical Silvadene and changing your dressings as prescribed.
>
> I deny your grievance based upon the above information. Further, your assertion that the Department of Corrections was negligent is not validated by the information that you provided in your grievance. Information garnered during the investigation supports that the Department of Corrections made attempts to rectify the issue and proper care was provided.
>
> As relief, you request the replacement of your partials, and $100,000 for pain, suffering and negligence. Your relief is denied; you claim that your partials were broken several months ago, so this is considered untimely. There is no evidence of neglect, so your request for $100,000 is also denied.

(Doc. 14-1 at 3, Initial Review Response.)

> On April 4, 2018, Plaintiff filed an appeal to the Facility Manager raising the following:
>
> I'm appealing Grievance #720101 under pain and suffering and negligence, my brief can be no less than undeniable and not open for doubt, indisputably valid.
>
> I find the decision given by grievance examiner, upsetting and bias and interferes with impartial judgment/prejudice, conflict of interest. Please be advise originally grievance is using this person as part of complaint and this

- 7 -

person is currently assign as unit manager or in time of accident on or for block B-A-126. In this case I find enough of an inclination for preference to response of grievance and decision on grievance #720101. Decision is denied based upon information and severity of burns. This decision has disqualify the claim that investigation by supporting that D.O.C. made attempts to rectify the issue by denying and minimizing negligence by claiming brief did not validate information given according to grievance #720101. Further, this decision has contradict and minimized information garnered during the investigation in contrary the investigation confirms my complaint and the incident is not open for doubt, indisputably valid. I also have provided in grievance #720101 a brief and actions taken and names of staff I've contacted before incident. This information was brought up and addressed but never taken serious for a while being uncommitted D.O.C. has failed to comply with being responsible involved in cause of action. According to initial review work order, it was submitted on 11-04-2017 and listed as repaired on 01-02-2018, totally contradict of facts being replaced after the incident after 02-02-2018 and would be found on video w/out error.

The Department of Corrections should take consideration on one living environment to not be a safety hazard under federal code. Having heating pipes exposed is a safety hazard.

This information was also confirmed by grievance officer under initial review and response. According to the actual decision admitting Quote: Medical was contacted to verify the severity of the burns and documentation stated that your burns were first degree burns not the "serious burns" that you describe in your grievance. End of Quote. I find this statement disturbing and offensive, a taunting or contemptuously ironic remark, "sarcastic" and unprofessional, for this: I'm asking a relief and requesting the replacement of my partials which was never grieved and denied in the pass. Never, untimely and the amount of $500,000 for pain & suffering and negligence according to the D.O.C. and deception according to review and response.

(Doc. 14-1 at 4-5, appeal.)

By Response dated April 17, 2018, the Facility Manager denied Plaintiff's appeal as follows:

> I have reviewed the initial grievance, the grievance officer response, and the subsequent appeal of your issues relating to conditions.
>
> UM Alexander provides a thorough review of your response with regard to your complaint. While you feel her statements are disturbing, offensive, and taunting is simply your opinion. Her review of this matter and the response provided to you is based on information garnered from medical staff. The issue with the cell was identified and corrected.
>
> Your appeal has no merit and is denied.

(Doc. 14-1 at 6, Facility Manager's Appeal Response.)

> Plaintiff's appeal to Final Appeal was denied on May 4, 2018, based on the following:
>
> You claim that over three months ago, there was a shakedown and a CO spit tobacco all over your toilet seat, broke your partials into four pieces, charged you for items that were never there, and removed the hearing guard from the hearing pipes and carried it away. You claim that on February 2, 2018, you were sent to medical for serious burns on your left arm and back. You request compensation, the replacement of your partials, and $100,000.00.
>
> A review of the record found that concerns from "over three months ago" are untimely and will not be addressed. The record shows that the heating guard was replaced on January 2, 2018. It is unclear how you burned yourself on February 2, 2018, when the heating guard was off since early November. It appears that you were burned by your actions and not those of staff. You have been seen and treated by medical staff. Your grievance and requested relief are denied.

(Doc. 14-1 at 7, Final Appeal Decision.)

## IV. Discussion

Plaintiff's sole remaining claim is that Defendants were deliberately indifferent to his health and safety by forcing him to be exposed to a hazardous condition in his cell, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The

- 9 -

Court addressed this claim in its March 22, 2021 Memorandum and Order, finding that Plaintiff failed to state a claim as set forth against Defendant SCI-Rockview Maintenance Department and the remaining Defendants. (Doc. 25 at 14-16.) Plaintiff was given an opportunity to file an amended complaint to properly name a specific Defendant or Defendants and sufficiently state a claim for relief against those Defendants. *Id.* Plaintiff's amended complaint, however, names only the original Defendants. (Doc. 27.)

To succeed on an Eighth Amendment claim based on prison conditions, a plaintiff must show: (i) "he has suffered an objectively, sufficiently serious injury," and (ii) "that prison officials inflicted the injury with deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The first prong of the *Farmer* test is an objective one. Here, Plaintiff's medical encounter report reveals that Plaintiff suffered a "burn to [his] left mid back area" which "has a few intact blisters and a few broken blisters." (Doc. 54-1 at 2.) He also suffered "burns to [his] left arm," which was "red with no blistering at the time of [Plaintiff's] assessment." (*Id.*) Although Plaintiff's medical assessment does not classify Plaintiff's injury as serious, the Court finds that the record evidence demonstrates that Plaintiff "suffered an objectively, sufficiently serious injury" to satisfy the first prong of the *Farmer* test.

The second prong of the *Farmer* test is a subjective one, requiring Plaintiff to demonstrate that Defendants acted with deliberate indifference. To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be

drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. *Farmer*, 511 U.S. at 837.

Here, the record evidence demonstrates that the work order submitted on November 4, 2017, stating that the heat shield in cell B-A-1026 was removed by shakedown, was repaired on January 2, 2018. (Doc. 14-1 at 3.) Plaintiff offers nothing to refute this. Even assuming that the heat shield had not been fixed, the record is devoid of any evidence that, prior to the February 2, 2018 incident, Plaintiff put any of the named Defendants on notice that a dangerous condition existed in his cell and that such notice was disregarded.

Plaintiff moves for summary judgment, claiming that the job description for a corrections officer, which includes "inspect[ing] inmates living areas for cleanliness, contraband, stolen goods and signs of escape plans or procedures," imputes Defendants with knowledge of the condition of Plaintiff's cell. (Doc. 61). The Court finds Plaintiff's basis for summary judgment without merit. A prison official's job description is not determinative of whether that official possessed the required degree of knowledge to create Eighth Amendment liability. *See Harper v. United States*, 2014 WL 1745872, *13 (M.D. Pa. May 1, 2014)("Plaintiff is correct that Defendant['s] reliance on his job description, alone, is insufficient to prove that he was not personally involved in the cell assignment decisions" at issue); *Cooper v. Cristini*, 2012 U.S. Dist. LEXIS 132894, *14–15, 2012 WL 4111476 (W.D.Pa.2012) (concluding that the plaintiff could not rely merely on the defendant's job description to establish his personal involvement with an alleged constitutional deprivation);

- 11 -

*Thomas v. Pa. Dep't of Corr.*, 615 F.Supp.2d 411, 418 (W.D.Pa.2009) (determining that whether or not the defendant's job description made him "responsible for reviewing the decision rendered by SCI Houtzdale's [Corrections Health Care Administrator] and for insuring policies in compliance with the ADA", "does not in and of itself demonstrate that he was personally involved in or had personal knowledge of the actions complained of by plaintiff and recommending that summary judgment be granted because the plaintiff failed to point to any evidence of personal involvement), adopted by 615 F.Supp.2d 411, 414 (W.D.Pa.2009). Accordingly, Defendants are entitled to summary judgment.

## V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied.

A separate Order will issue.

Date: July 19 2023

Robert D. Mariani
United States District Judge